Charlot E. KERSLAKE, Appellant,

v.

Harold A. KERSLAKE, Appellee.

No. 4208.

Supreme Court of Alaska.

April 18, 1980.

---

A. Lee Petersen, Anchorage, for appellant.

Robert B. Downes, Cole & Downes, Fairbanks, for appellee.

## OPINION ON REHEARING *

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

Charlot E. Kerslake contends that the superior court erred: (1) in finding that the parties, who were both represented by counsel, had agreed to the terms and conditions of a divorce and property settlement; and (2) in entering a decree of divorce which included the property settlement without independently determining that the property settlement was just.

 We hold that the trial court did not err. *Interior Credit Bureau, Inc. v. Bussing,* 559 P.2d 104, 106–07 (Alaska 1977), disposes of the first issue. As to the second issue, a court may accept as "just"[1] a divorce property settlement entered into by parties represented by counsel.

---

\* This case was originally decided by an unpublished memorandum opinion and judgment pursuant to Appellate Rule 26, on September 17, 1979. A timely petition for rehearing was thereafter filed.

1. AS 09.55.210(6) provides that in a judgment for divorce the court may provide

> for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the manner as may be just, and without regard to which of the parties is in fault; however, the court, in making the division, may invade the property of either spouse acquired before marriage when the balancing of the equities between the parties requires it; and to accomplish this end the judgment may require that one or both of the parties assign, deliver, or convey any of his or her real or personal property to the other party;

Although this section grants broad authority to a trial court to fashion property settlements absent an agreement, we do not read the section as imposing an affirmative duty on a trial court to examine every property settlement reached by the parties to determine if it is just. We favor the rule advocated by Professor Clark that, insofar as an agreement relates to the division of property,

> the separation agreement should be controlling in the absence of fraud, duress, concealment of assets or other facts showing the agreement was not made voluntarily and with full understanding.

H. Clark, Law of Domestic Relations § 16.10 at 551 (1968). While counsel for Charlot Kerslake raises the spectre of "concealment of assets" or "lack of understanding," it seems clear that Charlot and her counsel understood that she was entering into a stipulation with incomplete knowledge, but she apparently considered it to be adequate enough at the time to make an informed decision.