Sharon Kay MATTHEWS, Appellant,

v.

Jack Byrd MATTHEWS, Appellee.

No. S–1693.

Supreme Court of Alaska.

Aug. 7, 1987.

Phil N. Nash, Kenai, for appellant.

No appearance for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

Jack and Sharon Matthews married in 1970, and subsequently had two children. They divorced in 1974. The divorce decree and its supporting conclusions of law neglected to address either child custody or child support, although the superior court's findings of fact indicated that the court intended to impose on Jack a child support obligation of $150 per child per month.

Following the divorce, the children remained with Sharon. Jack made support payments of $300 in November and December, 1974, and made smaller payments in 1982 and 1985. Sharon asked Jack for child support in 1975, 1981, and 1985, without success.

■ In 1986, Sharon moved to amend the divorce decree to include a current support

order. At the same time, she asserted a claim for reimbursement of past child support expenses.[1] The superior court granted her motion to amend the decree, and ordered Jack to begin making child support payments of $305.17 per child per month. However, without entering findings of fact or conclusions of law, the court denied Sharon's claim for reimbursement. We reverse as to the reimbursement claim, and remand for further proceedings consistent with this opinion.

■■■ A parent is obligated both by statute and at common law to support his or her children. AS 25.20.030; *In re J.J.J.,* 718 P.2d 948, 949 (Alaska 1986). This duty exists even in the absence of a court order of support. *In re Adoption of C.M.G.,* 656 P.2d 262 (Okl.1982); *Sturdy v. Sturdy,* 67 Ill.App.2d 469, 214 N.E.2d 607, 611 (1966); *Miles v. Miles,* 20 Ill.App.2d 375, 156 N.E.2d 371, 373 (1959). A parent's duty of support encompasses a duty to reimburse other persons who provide the support the parent owes. *Baggs v. Anderson,* 528 P.2d 141, 143 (Utah 1974).

■■■ A claim for reimbursement belongs to whomever supported the children, and is simply an action on a debt. Thus, when a custodial parent asserts a reimbursement claim against a non-custodial parent, the claim is conceptually independent of the divorce, and generally should be brought through an independent action rather than by motion in the divorce action. *See id.; Allen v. Allen,* 228 Ga. 523, 186 S.E.2d 743, 744 (1972); *Clark v. Routt,* 453 S.W.2d 656, 657 (Mo.App.1970). However, when a custodial parent seeks both a modification of the divorce decree and reimbursement for past child support expenditures, he or she may join the claims, and bring both by motion in the original divorce action. *See* Alaska R.Civ.P. 18(a).

■■■ We hold that Sharon is entitled to claim reimbursement from Jack for his share of her reasonable child care expenditures. Further, we hold that she properly asserted the claim by motion in the divorce action. Therefore, we reverse and remand the superior court's summary denial of her reimbursement claim. On remand, we instruct the superior court to determine the actual amount Sharon reasonably expended in support of the children, and to equitably allocate the burden between the two parents. The court should consider any legal or equitable defenses Jack properly raises, and should enter appropriate findings of fact and conclusions of law pursuant to Alaska R.Civ.P. 52(a).

REVERSED and REMANDED for further proceedings consistent with this opinion.

---

1. Jack opposed the motion on the ground that the superior court lacked personal jurisdiction over him when it entered the divorce decree. The court entered the decree by default while Jack was living in Singapore. However, whether or not the court had jurisdiction at the time of the divorce, it obtained jurisdiction in 1986 when Jack appeared to defend the present action.