Ardella D. PAVEK, d/b/a The Video Station, Petitioner,

v.

Hazel A. CURRAN, Respondent.

File No. S–2175.

Supreme Court of Alaska.

May 20, 1988.

M. Gregory Oczkus, Greg Oczkus Law Offices, Anchorage, for petitioner.

the Manual.

John W. Wood, John W. Wood, Inc., Anchorage, for respondent.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Justice.

In this case we consider the enforceability of a settlement agreement made by the parties in a hearing before the superior court but not yet reduced to writing. The superior court refused to enforce the agreement, and we reverse.

## I. FACTS AND PROCEEDINGS IN THE SUPERIOR COURT.

In 1982, Ardella Pavek and Hazel Curran started a video rental business in Eagle River, Alaska. Shortly thereafter, they incorporated the business under the name Video to Go, Inc. In March 1986, Pavek and Curran's business relationship soured, and Pavek filed suit against Curran seeking appointment of a receiver, liquidation of the assets of Video to Go, Inc., and compensatory and punitive damages. Three months later, Video to Go, Inc. filed suit against Pavek, asking for an accounting for monies allegedly taken from the corporation, as well as compensatory and punitive damages. The two cases were consolidated for trial.

On the morning of trial, after discussions that included separate meetings with the trial judge, the attorneys for Pavek and Curran indicated in a hearing before the court that their clients had reached an agreement to settle the case. The attorneys then gave a detailed oral summary of the agreement to the court on the record. At the hearing, neither Pavek nor Curran indicated whether she understood or consented to the settlement; however, neither party voiced any objection while their attor-

neys recounted the agreement. At the close of the hearing, the superior court stated:

> Okay. Upon—I would suggest to counsel that you take advantage of this morning and draft the appropriate documents, and then upon execution of the documents, inform the court and then I will enter a dismissal on the cases.

Thereafter, Curran refused to execute the settlement agreement, allegedly because she discovered certain unfavorable provisions of which she had previously been unaware. The superior court did not enter final judgment or dismiss the case.

Two weeks after the initial hearing, Pavek filed a Motion for Entry of Judgment, asking the superior court to compel Curran to execute the settlement agreement, or alternatively direct the clerk of court to sign the agreement on Curran's behalf. At a later hearing, the court denied Pavek's motion and set another trial date. This petition followed.

## II. THE SUPERIOR COURT'S DECISION TO REFUSE TO ENTER A JUDGMENT ENFORCING THE ALLEGED SETTLEMENT.

 When ruling on a motion to enter judgment upon an alleged settlement agreement the superior court has discretion to deny the motion if the court determines that material issues of fact exist as to the existence of the settlement agreement or to a material term of the settlement. *Corkland v. Bosco*, 156 Cal.App.3d 989, 203 Cal.Rptr. 356, 359 (1984); *Greyhound Lines, Inc. v. Superior Court*, 98 Cal.App. 3d 604, 159 Cal.Rptr. 657, 660 (1979).

 The superior court based its refusal to enforce the alleged settlement agreement on its conclusion that the agreement violated the statute of frauds.[1] We hold

---

**1.** The court found that the agreement, which included payments to be made over several years and also involved premises with a long term lease, violated AS 09.25.010(1) and AS 09.-25.010(6). Those sections provide:

that the superior court erred in this ruling. On the basis of the record in this case we conclude that the case fits within an exception to the statute of frauds. Alaska Statute 09.25.020 provides:

> Exceptions to statute of frauds. A contract, promise, or agreement which is subject to AS 09.25.010, which does not satisfy the requirements of that section, but which is otherwise valid is enforceable if
>
> ....
>
> (4) the party against whom enforcement is sought admits, voluntarily or involuntarily, in pleadings or at any other stage of this or any other action or proceeding the making of an agreement;
>
> ....

Here, Curran's attorney admitted in the initial hearing before the superior court that his client had agreed to settle the case. Curran herself was present at the hearing and offered no objection. Therefore, no written proof of the alleged agreement's existence is necessary.

The superior court made no factual findings as to whether Pavek and Curran had actually entered into a settlement agreement, or whether the terms of the alleged agreement were clearly defined. The parties disagree on these issues. Pavek seeks enforcement of the alleged agreement according to the terms set forth in the hearing before the superior court. Curran, however, argues in her brief that the alleged settlement agreement was invalid because she did not understand the significance of the settlement agreement as discussed in the hearing. Specifically, Curran argues that the agreement provides her with insufficient security in the event that Pavek defaults on her payments under the terms of the settlement, and asserts that she never would have agreed to settle the case had she been aware of the settlement's security terms.

The transcript of the hearing, however, indicates the agreement's terms with respect to security were abundantly clear:

Mr. Talley [attorney for Curran]:

... [T]here will be a Security Agreement drafted by myself in conjunction with Mr. Oczkus [attorney for Pavek]. That Security Agreement shall take security in stock, tapes and receivables and the products thereof; there will be a monthly statement made to the Currans which will include a summary of deposits and a summary of receipts, the UCC–1 will be filed with the State, and *the Security Agreement itself shall have a default provision that if this payment does go into default, there will be a straight transfer; there'll not be additional sale or anything, just a straight transfer of the premises.*

Mr. Oczkus:

Which satisfies the obligation.

Mr. Talley:

Which satisfies the obligation, yes.

(Emphasis added.) Curran was present and even spoke at the hearing, but made no objection to the terms of the agreement and did not in any way indicate that she did not understand the settlement. Therefore, Curran's contention that she was unaware of the settlement's security terms is groundless. Curran makes no claim that she was defrauded or under duress at the time the alleged settlement was reached. Accordingly, we hold that the superior court erred in refusing to grant Pavek's motion for entry of judgment when no material issues of fact existed as to the settlement's terms or validity.

**REVERSED.**

---

Statute of frauds. (a) In the following cases and under the following conditions an agreement, promise, or undertaking is unenforceable unless it or some note or memorandum of it is in writing and subscribed by the party charged or by an agent of that party:

(1) an agreement that by its terms is not to be performed within a year from the making of it;

....

(6) an agreement for leasing for a longer period than one year, or for the sale of real property, or of any interest in real property, or to charge or encumber real property;