Norbert **STREB**, Appellant,

v.

Trudy **STREB**, Appellee.

No. S–2725.

Supreme Court of Alaska.

May 19, 1989.

Ernest Z. Rehbock, Rehbock & Rehbock, Anchorage, for appellant.

Donald E. Cortis, Jr., Law Offices of Donald E. Cortis, Jr., Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

This appeal presents three issues. The first is whether a superior court may order a noncustodial parent to pay child support for an adult handicapped child. The second is whether the court erred in amending an order requiring the parties to file joint tax returns. The third is whether the court may divide money taken by one spouse during the course of the parties' marriage.

### I. FACTS AND PROCEEDINGS

Norbert Streb and Trudy Streb were married in 1971. They have one child, Connie, born in 1963, who is mentally retarded. Norbert is a carpenter, fisherman and handyman. In 1986, he earned $80,353. Trudy is a patrol officer for the Anchorage Police Department. In 1986, she earned $47,524.

The parties separated temporarily in August 1984. During the separation, Norbert took $56,000 from a joint bank account. When they reconciled, he returned $30,000. They separated for the last time in December 1985, and Norbert filed for divorce.

In March 1986, Norbert moved for interim relief. The court appointed a receiver, and ordered the parties to file joint tax returns for 1985. When Norbert refused to sign the return, Judge Carlson permitted Trudy to file a separate return.

In June 1986, Judge Andrews presided over a hearing and granted a partial decree of divorce. The court ordered the receiver to sell a 12-plex known as the Strawberry property and divide the proceeds between the parties. When the property did not sell, the parties agreed that Trudy would buy out Norbert's one-half interest. They stipulated that the property had a value of $465,000.

In March 1988, Judge Carlson entered a final decree of divorce. He ordered Norbert to pay $350 per month child support for Connie; credited Trudy with $13,000, one-half the amount Norbert spent during the 1984 separation; and awarded Trudy more than $20,000 in attorney's fees. Norbert argues that the superior court erred

by (1) entering a continuing child support award for an adult child, (2) permitting Trudy to file a separate tax return, (3) requiring him to reimburse the marital estate for money withdrawn during the temporary separation, (4) offsetting the amount Trudy owed him for the Strawberry property against the amount he owed Trudy after the property division, and (5) awarding Trudy attorney's fees.

## II.  CHILD SUPPORT

Norbert argues that the superior court erred in awarding child support because (1) post-majority child support can only be awarded in an independent action brought pursuant to AS 25.20.030 or AS 47.25.240, and (2) even if a divorce court may order child support, the issue was not properly raised below.[1]

Whether a court may order one parent to pay the other parent future support for a handicapped adult child, and whether such support may be ordered during divorce proceedings are legal issues, reviewed under this court's independent judgment. *Guin v. Ha*, 591 P.2d 1281, 1285 n. 6 (Alaska 1979).

■ A parent is obligated both by statute and at common law to support his or her children. *Matthews v. Matthews*, 739 P.2d 1298, 1299 (Alaska 1987); AS 25.20.-030.[2] The duty of support generally exists only until the children "are emancipated or reach the age of majority," *In re S.C.Y.*, 736 P.2d 353 (Alaska 1987), which by statute is eighteen years.  AS 25.20.010.  Although most children are emancipated upon

attaining majority, the presumption of emancipation may be overcome by evidence that an adult child is incapable of supporting himself or herself by reason of a physical or mental disability.  *Koltay v. Koltay*, 667 P.2d 1374 (Col.1983).  In such a case, we hold that the parent's duty of support continues after the child reaches majority.[3]

■ We have not previously considered the question of whether post-majority child support can be awarded in a divorce proceeding.  "In the past, many courts have held that a dissolution action is not the proper proceeding to enforce continued support of an adult child."  *Koltay*, 667 P.2d at 1377 (citing Annotation, *Power of Court in Divorce or Separation Suit to Provide for Support of, or Aid to, Adult Child or to Continue Provision for Support After Child Attains Majority*, 162 A.L.R. 1084 (1946)).  However, in recognition that the use of a separate lawsuit is a needless waste of time and money, the modern trend in states whose divorce statutes do not limit child support to minor children is to recognize the jurisdiction of the divorce court to order support for disabled adult children.  2 H. Clark, *The Law of Domestic Relations in the United States* § 18.1, at 357–58 & n. 77 (2d ed. 1987); *Koltay*, 667 P.2d at 1377 (citing cases from Florida, Montana, South Dakota, Utah, and Wyoming).  *But see, e.g. Van Tinker v. Van Tinker*, 38 Wash.2d 390, 229 P.2d 333, 334 (1951) (requiring separate suit).

The relevant Alaska divorce statute, AS 25.24.160(a)(1), does not limit child support to minor children.[4]  Moreover, in *Mat-*

---

1.  AS 25.20.030 provides that "[e]ach parent is bound to maintain his children when poor and unable to work to maintain themselves."  AS 47.25.230 provides that where a designated person fails to give assistance to either a needy parent or a needy child, such person must reimburse the state or the municipality by a civil action for the assistance so rendered to the indigent.

2.  *See also State Child Support Enforcement Div. v. Gammons*, 774 P.2d 181 (Alaska 1989).

3.  Although the early common law did not extend the parental duty of support beyond minority, *Nelson v. Nelson*, 548 A.2d 109, 113 (D.C. 1988) (citing Annotation, *Parent's Obligation to*

*Support Adult Child*, 1 A.L.R.2d 910 (1948)), "the great majority of jurisdictions have accepted the existence of a continuing duty on the part of parents to support disabled children beyond the age of majority, if not by virtue of statute enacted by the legislature, then by rule of law adopted by the courts."  *Id.* at 114 (footnote omitted); *see also* 2 H. Clark, *The Law of Domestic Relations in the United States* § 18.1, at 357–358 (2d ed. 1987).

4.  AS 25.24.160 states, in relevant part:
    (a) In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide
    (1) for the payment by either or both parties of an amount of money or goods, in gross

*thews*, 739 P.2d 1298, we recognized the benefits of a single suit. In that case, the custodial parent of a minor child sought reimbursement for past expenditures from the noncustodial parent, who had never been ordered to pay child support. Rather than file a new complaint, the custodial parent moved for relief in the original divorce case. We held that "[w]hen [a] custodial parent asserts reimbursement claims against [the] noncustodial parent, [the] claim is conceptually independent of the divorce and should generally be brought through an independent action rather than by motion in the divorce action." *Id.* However, we also noted that "when a custodial parent seeks both a modification of the divorce decree and reimbursement for past child support expenditures, he or she may join the claims, and bring both by motion in the original divorce action." *Id.*

Norbert relies on the decision in *Dowling v. Dowling*, 679 P.2d 480, 483 (Alaska 1984), where we held that a parent cannot be required to provide post-majority educational child support. We stated that the child's "only legal recourse to obtain post-majority aid is under AS 25.20.030." However, the quoted language referred only to a child of married parents, and did not purport to preclude the superior court from awarding post-majority support for handicapped children. *Id.* at 484 (Matthews, J., dissenting).

We therefore hold that the divorce court has the authority to award continuing support payments for a handicapped adult child. However, although Civil Rule 90.3 governs a support award for a minor child, it does not govern an award for a handicapped adult. Instead, the award should be reasonably calculated to reimburse the moving party for a fair percentage of funds actually spent on reasonable child care expenditures. *See Matthews*, 739 P.2d at 1299.

■ Although the superior court has the ability to award continuing support payments for an adult handicapped child, we believe that Judge Carlson nevertheless erred in ordering Norbert to pay $350 per month. The support issue was neither mentioned in the pleadings nor argued in court. The superior court's findings and conclusions concerning child support were based on cursory testimony by Trudy, and Norbert had no opportunity to present evidence concerning Connie's financial needs. Therefore, the award of child support must be vacated and remanded for an evidentiary hearing on the merits.

### III. FILING SEPARATE TAX RETURNS

■ Norbert argues that the superior court abused its discretion in permitting Trudy to file a separate 1985 federal income tax return.

The superior court initially ordered Norbert and Trudy to file a joint tax return for 1985 in order to maximize their tax deductions. The order stated that Trudy's accountant would prepare the return. Following trial, Trudy moved to amend the order under Civil Rule 60(b) to permit her to file a separate return because Norbert refused to sign the return her accountant prepared. She presented a proposal from her accountant which would have the same effect as the original order but would not require them to file a joint return.

The standard of review for a Civil Rule 60(b) motion is "abuse of discretion." *Gravel v. Alaska Village, Inc.*, 423 P.2d 273 (Alaska 1967).

Trudy moved for relief from judgment on the ground that the order was granted by mistake, Civil Rule 60(b)(1). Although Norbert's refusal to cooperate is not technically a mistake, the superior court may set aside a judgment when it is no longer equitable that it be given prospective effect. Civil Rule 60(b)(5). Norbert's refusal to

or installments that may include cost-of-living adjustments, as may be just and proper for the parties to contribute toward the nurture and education of their children....

In comparison, the statute providing for an *interim* child support order states that such an order may be provided "for the care, custody, and maintenance of the *minor* children." AS 25.24.140(a)(2) (emphasis added).

sign the documents justifies the court's decision to permit Trudy to file a separate tax return. Therefore, we conclude that the superior court did not err in granting relief from judgment.[5]

## IV. DIVISION OF MARITAL ESTATE

Norbert argues that Judge Carlson abused his discretion by requiring him to reimburse the marital estate for the $26,-000 he withdrew from a joint bank account during a temporary separation.

We will reverse a superior court's determination of what property is available for distribution only for an abuse of discretion. However, the determination occasionally involves legal questions to which we apply our independent judgment. *Wanberg v. Wanberg*, 664 P.2d 568, 570 (Alaska 1983).

A trial court has discretion to divide marital property as of the date of permanent separation rather than the date of divorce. *Burcell v. Burcell*, 713 P.2d 802 (Alaska 1986). However, in the instant case, the trial court divided assets which Norbert took during a temporary separation which did not mark the end of the parties' existence as a financial unit.

Trudy did not allege that Norbert deliberately absconded with the money to deplete the marital estate. Apparently, Norbert used the money for everyday living expenses. She also failed to show any reason why the court should consider the parties' temporary intentions to end their marriage in 1984.[6] As a matter of law, the trial court erred in dividing the $26,000 which Norbert took during the course of the marriage.[7] Until the marriage ceases to operate as a financial unit, each party has the right to manage and control marital funds.

## V. OFFSETTING THE DEBTS

Norbert claims that the trial court abused its discretion by modifying the Strawberry property settlement. We will not disturb the superior court's distribution of marital property absent an abuse of discretion. *Merrill v. Merrill*, 368 P.2d 546 (Alaska 1962).

At the beginning of the trial, the parties agreed that Trudy would buy Norbert's interest in the Strawberry property under the following terms: Trudy would pay Norbert principal of $58,872.50 in monthly payments not to exceed $275. The annual interest rate was 8.25 percent. A balloon payment of the remaining balance was due in seven years. However, when the property division resulted in Norbert owing Trudy $43,832.72, the trial court ordered that the debts would be offset. Thus, Trudy owed Norbert $15,039.78.

In *Pavek v. Curran*, 754 P.2d 1125, 1126 (Alaska 1988), we held that, absent a material issue of fact as to the settlement's terms or validity, a settlement entered into in open court will be honored. Norbert argues that Judge Carlson's offset is a modification of the settlement. We disagree.

Judge Carlson did not modify the settlement. He simply offset the stipulated debt against the amount Norbert owed Trudy. We therefore conclude that the trial court did not abuse its discretion by offsetting the Strawberry property debt against the property division debt.

## VI. ATTORNEY'S FEES

Norbert argues that the court abused its discretion in awarding attorney fees in a situation in which there was an equal division of property. He stresses that the parties are in a nearly equal income posi-

5. Alternatively, Trudy argues that the judgment is void under Civil Rule 60(b)(4) because a state court has no jurisdiction to compel a person to file a federal tax return using a particular filing status. We decline to discuss this issue given our conclusion that the motion was properly granted under Civil Rule 60(b)(1).

6. *See Bussell v. Bussell*, 623 P.2d 1221, 1223 (Alaska 1981).

7. We have reviewed Norbert's other arguments concerning the determination of property subject to division and conclude that they are without merit. The superior court's findings of fact are supported by evidence in the record. *Strack v. Miller*, 645 P.2d 184 (Alaska 1982).

tion, with an edge toward Trudy: she has a steady job and will receive income from property rentals and a limousine business.

 The "prevailing party" rule used for determining attorney's fees under Civil Rule 82 does not apply to divorce cases. *Burrell v. Burrell*, 537 P.2d 1 (Alaska 1975). Instead, the relevant considerations are the relative economic situation and earning power of each party. *Id.* at 7. In *Rhodes v. Rhodes*, 754 P.2d 1333, 1335–36 (Alaska 1988), we held that the superior court abused its discretion by awarding fees to the wife where both parties had adequate incomes and the wife had received a favorable portion of the marital assets.

In addition to economic reasons, the court may award attorney fees where there is bad faith.[8] In *Jones v. Jones*, 666 P.2d 1031, 1035 (Alaska 1983), we remanded an award of attorney's fees to one of two parties with similar net incomes, requiring the court to state on the record the specific reasons supporting the award.

The superior court awarded Trudy approximately half of her actual attorney's fees of $40,000, stating only that the award was "appropriate." The record does not show a gross disparity in the parties' income. Although Judge Carlson stated that Norbert engaged in "harassive" behavior and that he and his witnesses were not credible, there was no specific finding that the award of attorney's fees was based on Norbert's behavior. Therefore, we remand the attorney's fee award to the superior court for clarification. On remand the judge shall reconsider the award and state on the record his reasons for any award he makes.

The decision of the superior court is AFFIRMED in part, REVERSED in part, and REMANDED.

---

8. *See, e.g., Horton v. Hansen*, 722 P.2d 211 (Alaska 1986) (husband's "vexatious" behavior sup- ported award of attorney's fees in favor of wife).