Robert W. MUSSER, Appellant,

v.

Janet E. JOHNSON, Appellee.

No. S–6278.

Supreme Court of Alaska.

March 8, 1996.

Order Denying Rehearing April 19, 1996.

Robert W. Musser, pro se, Anchorage.

Vincent Vitale, Law Offices of Vincent Vitale, P.C., Anchorage, for Appellee.

Before: COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH, JJ., and CARPENETI, J. pro tem.*

## OPINION

PER CURIAM.

### I. *FACTS AND PROCEEDINGS*

Robert Musser and Janet Johnson were married in July 1991 and separated in April 1992. They filed a dissolution petition that August, appending a "Property Settlement Agreement" (Agreement). According to the Agreement, Janet was to quitclaim the home the couple had purchased together in exchange for a $15,000.00 cashier's check; each was to assume full responsibility for debts listed in his or her own name. When Robert and Janet appeared before a master, they could no longer agree on the division of marital property. The dissolution petition was therefore dismissed.

Janet filed for divorce in January 1993. At trial, Robert argued that Janet was bound by the terms of the Agreement. Janet testified that when she signed the Agreement she was confused as to whether it accounted for $20,660 she had given Robert in 1991 and 1992. The superior court found that Janet was confused about the terms of the Agreement, and refused to enforce it. The court also found that the money Janet had given Robert was a marital debt.

The parties disputed the value of the house. Janet testified that its assessed value was $104,000. Robert argued that the tax assessment overstated the house's value. The superior court accepted the $104,000 figure, finding the tax assessment process credible.

The superior court divided the marital assets and debts equally, leaving Robert with a debt to Janet of $14,255. The court also awarded attorney's fees of $700 to Janet.

Janet moved for a writ of execution against Robert's wages to satisfy the $14,955 judgment. Robert's motions for a stay of execution and for an exemption from garnishment were denied. Robert appeals.

### II. *DISCUSSION*

 Robert argues that the superior court erred in not enforcing the Property Settlement Agreement. Before a proposed property division can take effect, a court must find that both spouses "understand fully the nature and consequences of their action," and that the proposed division "constitute[s] the entire agreement between the parties." AS 25.24.230(a)(1) and (2). Janet testified that when she signed the Agreement she was confused about its terms. The master hearing the dissolution proceeding dismissed the petition, finding that there was "no present agreement between the parties regarding marital property division." Under AS 25.24.230(a), the superior court did not err in refusing to enforce the Agreement.

 Robert next argues that the superior court erred in valuing the house at $104,000. A trial court's valuation of marital property is a factual determination which will not be set aside on appeal unless it is clearly erroneous. *Rice v. Rice*, 757 P.2d 60, 62 (Alaska 1988). Robert and Janet initially agreed that the house was worth $104,000. At trial Robert argued that the house was worth less than $104,000. The court's decision to reject this argument and to value the house at the price the parties had earlier agreed to was not clearly erroneous.

 Robert also argues that the superior court erred in considering the money Janet gave him as a marital debt when almost half of the amount was given to him prior to the marriage. Robert and Janet were divorced fifteen months after they married. In a marriage of such short duration, the superior court may treat the property division as an action in the nature of a rescission. *Rose v. Rose*, 755 P.2d 1121, 1125 (Alaska 1988). As the aim of rescission is to restore parties to their *status quo, see* 17A Am.Jur.2d *Contracts* § 590 (1991), it would have not been an abuse of discretion for the court to hold Robert accountable for all the money Janet gave him, including the amounts tendered prior to their marriage. *See Rose*, 755 P.2d at 1123 ("We have long recognized the trial court's broad discretion in determining a just

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

disposition of property based upon the particular facts before it."). Considering the money as marital debt and holding him liable for only *half* was not error.

■ Robert further argues that the superior court erred in denying his motion to recuse. Under Alaska Civil Rule 42(c)(1), "each side is entitled as a matter of right to a change of one judge...." Alaska R.Civ.P. 42(c)(1). Civil Rule 42(c)(3) provides in part:

> Failure to file a timely notice precludes [a] change of judge as a matter of right. Notice of change of judge is timely filed if filed before the commencement of trial and within five days after notice that the case has been assigned to a specific judge.

Alaska R.Civ.P. 42(c)(3). Robert was notified that the case was assigned to Judge Reese on February 1, 1993, when he was served with a Domestic Relations Pre–Trial Order. Robert did not move to recuse Judge Reese until August 9. Under Civil Rule 42(c)(3), the superior court did not err in denying the motion as untimely.

Robert's argument that Janet's counsel engaged in *ex parte* communications with the superior court has no support in the record, nor was it raised below. We have considered Robert's arguments that the garnishment was improperly obtained, that the divorce decree was fraudulent, and that the scheduling of the trial violated Civil Rule 16(1)(c), and have concluded that they are without merit.

■ Robert's single meritorious argument is that the superior court erred in awarding Janet attorney's fees. The trial court has broad discretion to award attorney's fees in a divorce action. *Zimin v. Zimin*, 837 P.2d 118, 124 (Alaska 1992). The relevant considerations in awarding fees in a divorce action are the "relative economic situation and earning power of each party." *Streb v. Streb*, 774 P.2d 798, 803 (Alaska 1989). A court may also award attorney's fees where "a party has acted in bad faith or engaged in vexatious conduct." *Kowalski v. Kowalski*, 806 P.2d 1368, 1373 (Alaska 1991). We have held that "mere evasiveness in responding, contentiousness over difficult issues, or delay in completing discovery do not,

in themselves, constitute bad faith or vexatious conduct." *Id.*

■ The superior court found that the parties' economic situations were equivalent, and that Robert's conduct was not vexatious. The court nevertheless ordered Robert to pay half of Janet's fees, or $700, reasoning that if Robert had an attorney "I expect they probably [could have] got the matter wrapped up for less than a total of $1400. So, it's appropriate for him to handle that amount." This decision is an abuse of discretion because it does not identify the nature and amount of the increased costs, *Kowalski*, 806 P.2d at 1373 ("When the court finds that one spouse's misconduct has unnecessarily increased the other spouse's costs, the court must identify the nature and amount of these increased costs."), and also because it penalizes Robert for choosing to represent himself. We reverse the attorney's fees award.

### III. *CONCLUSION*

We AFFIRM all parts of the divorce decree except the award of attorney's fees. We REVERSE the award of attorney's fees.

### ORDER ON REHEARING

Robert Musser has petitioned the court for rehearing of its Opinion in this case. Robert first argues that the court ignored the "separate contract for debt" allegedly entered into between the parties. The "separate contract for debt" Robert refers to is the one created by the dissolution agreement, under which Janet agreed to quitclaim her interest in the house in exchange for a $15,000 note. The Opinion explains why this agreement is unenforceable. *See also Pavek v. Curran*, 754 P.2d 1125, 1126 (Alaska 1988) ("When ruling on a motion to enter judgment upon an alleged settlement agreement the superior court has discretion to deny the motion if the court determines that material issues of fact exist as to ... a material term of the settlement."). The "contract" was never, nor is it now, in "full force," as Robert alleges. Garnishment was had on the final judgment in the divorce action, not on the "note" Robert speaks of. That garnishment was entirely proper.

Regarding Robert's claim that the court erred in stating Janet gave him $20,600, this statement was based on the superior court's finding of fact that Janet gave Robert $20,-600. (Tr. 55) This finding is not clearly erroneous.

The opinion does not contradict or "overlook" *Palmer v. Palmer*, MOJ 0802 (Alaska December 15, 1995). *Palmer* refers to *Kerslake v. Kerslake*, 609 P.2d 559, 560 n.1 (Alaska 1980), wherein the court stated "the separation agreement should be controlling in the absence of fraud, duress, concealment of assets or other facts showing the agreement was not made voluntarily and with full understanding." The separation agreement in *Palmer* was controlling because there was no evidence of a lack of understanding between the represented parties. *See Palmer*, MOJ at 2. The situation is different here.

On due consideration, it is hereby ORDERED that the petition for rehearing is DENIED. Entered by direction of the Court at Anchorage, Alaska, on April 18, 1996.