**Wayne Michael CRAYTON, Appellant,**

v.

**Shannon Sue CRAYTON, Appellee.**

**No. S–7458.**

Supreme Court of Alaska.

Sept. 12, 1997.

Elizabeth Page Kennedy, Anchorage, for Appellant.

Martha C. Shaddy, Anchorage, for Appellee.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

Wayne Crayton appeals the superior court's denial of his motion for reimbursement of child support. Crayton argues that Shannon Riordan (formerly Crayton) owes support for approximately a one-year period when no support order for their two children was in effect. We reverse and remand for calculation of the amount owed by Riordan pursuant to Alaska Civil Rule 90.3.

## II. FACTS AND PROCEEDINGS

Crayton and Riordan married in 1981 and had two children. Crayton filed for divorce in May 1993. Pursuant to a stipulation by the parties, the court appointed a guardian *ad litem* (GAL) for the children.

Crayton and Riordan reached a settlement on property division, child custody, visitation, and support, and the court approved the settlement on January 6, 1994. Under its order, the children were to remain in Anchorage until the middle of July 1994 and then move to Kansas City, Kansas. The order specified that Crayton would pay child support after the children moved to Kansas City "pursuant to Civil Rule 90.3 with a 50 percent reduction for summer visitation." The January 1994 order also stated:

> [Riordan] will keep the children's 1993 permanent funds, and in addition [Crayton] will pay her $1000 in ten monthly installments, beginning in March 1994, to settle the disparity in the equity in the automobiles. [Riordan] is also relieved of the necessity to pay child support for the six months the children will reside in Alaska with [Crayton]. [Crayton] will keep the 1985 Suburban Sierra Classic, and [Riordan] will keep the 1983 Subaru station wagon.

The order left open the possibility that the GAL could make further recommendations regarding custody and visitation.

The children moved to Kansas City on July 19, 1994. On August 5 the GAL, after an investigation of conditions in Kansas City in July, filed a report and recommendation, moving that the children be returned to Alas-

ka. After a hearing, the court issued an interim custody order on August 19. The court ordered that the children live in Anchorage "until the [c]ourt has further opportunity to take additional evidence." The children returned to Alaska on August 24 to attend school. The August 1994 order did not address child support.

After a hearing in December 1994, a master filed a report recommending that the parties continue to share legal custody, but that primary physical custody be transferred to Riordan on August 1, 1995. The master's report also recommended that Crayton have nine consecutive weeks of extended visitation each summer and some holiday visitation. The superior court issued an order based on the master's recommendations in March 1995, but again did not address the issue of child support.

Soon after the children moved to Kansas City, Crayton moved for reimbursement for the expenditures he made supporting the children during the thirteen months between July 1, 1994 and August 1, 1995. He requested that the court offset the reimbursement against the child support payments he was to begin making to Riordan. Crayton also argued that the court should include gifts made to Riordan by her father in calculating the amount of support she owes. Riordan opposed the motion, and the superior court denied it. Crayton appeals.

### III. *DISCUSSION*[1]

■ Crayton contends that Riordan had a statutory and common law duty to reimburse him for her share of support while he had custody of their children. Riordan responds that Crayton's motion for reimbursement amounts to an attempt to modify the January 1994 order, which relieved her of any obligation to support her children before

1. Although we "generally review decisions on motions to modify child support for abuse of discretion," the superior court's denial of Crayton's motion turns on the interpretation of the January 1994 order and we therefore review it *de novo*. *Karpuleon v. Karpuleon*, 881 P.2d 318, 320 n. 3 (Alaska 1994).

2. The superior court failed to specify in the January 1994 order, as required by Rule 90.3(c)(1),

they came to live with her in Kansas City. She argues that the superior court properly denied Crayton's motion as untimely or, in the alternative, as an attempt to retroactively modify her child support obligations.

■ The January 1994 order contradicts Riordan's contention that the court relieved her of all support obligation as the non-custodial parent. Rather, the order reflects that the trial court offset Riordan's child support obligations for six months against disparities in the property settlement, assuming that after this six-month period Riordan would become the custodial parent.[2] When the children did not move to Kansas City as anticipated, a gap arose in the order's provision for child support; the trial court, in responding to the concerns and recommendations of the GAL, failed to adjust the support obligation to match the shifting child custody arrangement. Thus, as Crayton argues, no support order was in effect after the children moved back to Alaska and before they returned to live in Kansas City.

■ In light of the absence of any provision for child support during this period, we conclude that the superior court erred in denying Crayton's motion for reimbursement. Whether a support order exists or not, "[a] parent is obligated both by statute and at common law to support his or her children." *Matthews v. Matthews*, 739 P.2d 1298, 1299 (Alaska 1987). This obligation includes the duty "to reimburse other persons who provide the support the parent owes." *Id.* In this case, Riordan, as the non-custodial parent, had an obligation to help provide for her children, notwithstanding the flaws in the support order.

■ The amount of Riordan's obligation must be calculated by the superior court on remand under Rule 90.3. *Vachon v. Pugliese*, 931 P.2d 371, 382 (Alaska 1996) (hold-

the amount of child support Riordan would have paid but for the offset against the property settlement. Riordan's argument that the order relieved her of all obligations, aside from finding no support in the order itself, contradicts the requirement under Rule 90.3(c)(1)(B) that the court assess the non-custodial parent at least $50 a month in child support.

ing that "absent extraordinary circumstances, courts should apply the calculation methodology of Rule 90.3 to determine amounts to be reimbursed to custodial parents for support of children during periods not covered by support orders"). Contrary to Riordan's argument, this use of Rule 90.3 does not violate the prohibition against retroactive modification of arrearages. As in *Vachon*, because there was no child support order in place for the relevant period, "applying Rule 90.3 under these circumstances does not modify any existing arrearage." *Id.* Nor, for the same reason, is Riordan correct in characterizing Crayton's motion as an untimely attempt to modify an existing support order.

On remand, the superior court must also determine the precise dates when the children lived with Crayton. While Crayton's motion sought reimbursement for "the thirteen months from July 1, 1994, to August 1, 1995," the parties do not dispute that the children lived with Riordan from July 19, 1994, to August 24, 1994. The children's move to Kansas City "after the middle of July" was specifically contemplated by the January 1994 order, and the assessment against Riordan should accordingly be offset against any child support owed by Crayton.

■ Finally, we address whether the superior court should include money given to Riordan by her father in calculating her income under Rule 90.3. In *Nass v. Seaton*, 904 P.2d 412 (Alaska 1995), we concluded that the trial court should not consider gifts when "determining the level of the obligor's adjusted gross income for purposes of calculating a child support obligation." *Id.* at 416. Crayton argues that this rule does not apply to calculations of Riordan's income under Rule 90.3 for the purpose of reimbursing him. In cases such as *Nass*, where the court must establish a child support obligation for the future, the inclusion as income of a one-time gift or an inheritance would unfairly inflate that obligation beyond the obligor's reliable future resources. *See id.* at 415–16 & n. 5. However, in this case, Riordan's future payments are not at issue and no question exists as to whether she will continue to receive the gifts. *Cf. Yerrington v.*

*Yerrington*, 933 P.2d 555, 557 (Alaska 1997) (holding that court may average variable income to determine child support when variation likely to continue in future). Because the superior court will determine Riordan's income only in retrospect for the period in 1994 and 1995 when the children lived with Crayton, it is fair for the court to base the amount of reimbursement on the actual resources available to Riordan during that period. Therefore, on remand, the superior court should consider the money given to Riordan by her father in calculating her income under Rule 90.3.

## IV. CONCLUSION

Therefore, we REVERSE the superior court's denial of Crayton's motion and REMAND for further proceedings consistent with this opinion.

EASTAUGH, J., concurring.

EASTAUGH, Justice, concurring.

Despite my agreement with the result the court reaches, I have reservations about the court's rationale for permitting the superior court, when it calculates on remand the support reimbursement Crayton is to receive, to treat as income money given to Shannon Riordan by her father.

In permitting the gifts to be taken into account as income, the court focuses on the retrospective nature of the reimbursement calculation. Opinion at 490. Because the calculation is retrospective, the court reasons there is no danger a one-time gift or inheritance would unfairly inflate a future support obligation. Opinion at 490.

No uncertainty is involved when retrospective calculation takes into account a gift previously received, as the court correctly notes. But the same can be said if the calculation of future support is based in part on a recently received one-time gift or inheritance. The problem with that calculation is not uncertainty, but the income inflation that results when the gift or inheritance is treated as income rather than as a capital asset.

I am not convinced that the unreliability of trying to predict future income based in part

on a gift or an inheritance is the only reason courts normally should decline to treat such receipts as income. I would suggest that most one-time gifts and inheritances should be considered to be capital assets. Such receipts may represent the ability to earn income, an ability that should be taken into account, but the gifts themselves are often treated as capital assets by the donor and the recipient.

The Civil Rule 90.3 commentary draws the appropriate distinction. Rule 90.3(a)(1) defines adjusted annual income to mean "total income from all sources...." The rule does not provide any meaningful definition for the term "income." Commentary III.A lists income sources. The list distinguishes between earnings and the principal assets from which the earnings derive. Commentary III.A closes with the following sentence: "The principal amount of one-time gifts and inheritances should not be considered as income, but interest from the principal amount should be considered as income and the principal amount may be considered as to whether unusual circumstances exist as provided by [Rule] 90.3(c)." I would take this clear assertion at face value: the principal amount of gifts and inheritances is not considered to be "income." This assertion appears to have been based on a considered choice, because the commentary distinguishes between one-time gifts and inheritances, and other receipts which are equally unlikely to repeat. Thus, it treats as income such one-time receipts as lottery or gambling winnings, prizes, and awards. Alaska R. Civ. P. 90.3 commentary III.A. *See Eagley v. Eagley*, 849 P.2d 777, 779 (Alaska 1993) ("while this court has not officially adopted or approved the [Rule 90.3] commentary, we have relied on it for guidance in determining adjusted annual income....").

If the principal amount of gifts and inheritances is not income for purposes of calculating future support payments, conceptually there is no reason why it should be considered income for purposes of calculating payments due in the past, either.

The court reaches the right result in this case because the evidence supports a finding that Riordan's father intended the gifts to be the equivalent of income, to be used to support his daughter and the children. Nonetheless, I think the rationale announced by the court on this issue will require elaboration or retrenchment following briefing which squarely addresses this question.