**Tierice V. COLEMAN, Appellant,**

v.

**Elka M. McCULLOUGH, Appellee.**

**No. S–14367.**

Supreme Court of Alaska.

Dec. 14, 2012.

Herman G. Walker, Jr. and Lynda A. Limón, Anchorage, for Appellant.

No appearance by Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

STOWERS, Justice.

## I. BACKGROUND

Tierice Coleman is the biological father of two minor sons, T.C. and J.C.[1] T.C. was born in January 2000 to Elka McCullough, a woman with whom Coleman had a brief relationship. J.C. was born in March 2000 to Laura Bianchi, a woman with whom Coleman had a long-term relationship at the time of J.C.'s birth and with whom he was cohabitating at the time of trial.

McCullough petitioned for child support with respect to T.C. Coleman did not contest

---

1. We use initials to protect the children's privacy.

that he owes support, but he argued that he should be allowed a deduction under Alaska Rule of Civil Procedure 90.3(a)(1)(D)[2] because he is currently living with J.C., the child of his relationship with Bianchi, and his relationship with Bianchi commenced prior to his relationship with McCulluogh. McCullough argued that because J.C. was born after T.C., Coleman should not be allowed a deduction for his support of J.C. The superior court concluded that Coleman is not entitled to a deduction. Coleman appealed the superior court's ruling to this court, and we affirm that decision.

## II. STANDARD OF REVIEW

■ We reverse a child support order only if "the superior court abused its discretion or applied the wrong legal standard."[3] We exercise our "independent judgment when interpreting the Alaska Rules of Civil Procedure."[4] We review questions of law de novo and "adopt the rule of law which is most persuasive in light of precedent, reason, and policy."[5] We interpret statutes "according to reason, practicality, and common sense, taking into account the plain meaning and purpose of the law as well as the intent of the drafters."[6]

## III. CIVIL RULE 90.3(a)(1)(D) DOES NOT PERMIT A DEDUCTION FOR AN AFTER–BORN CHILD OF A PRIOR RELATIONSHIP.

■ Coleman argues that Rule 90.3(a)(1)(D) requires that he be allowed a deduction for J.C.[7] when calculating the child support owed for T.C.[8] Rule 90.3(a)(1)(D) reads: "Adjusted annual income as used in this rule means the parent's total income from all sources *minus . . . child support for*

*children from prior relationships living with the parent. . . .*" (Emphasis added.) Coleman argues that his income should be adjusted due to his current support of and residency with J.C., because, though J.C. was born after T.C., he was born to Bianchi, with whom Coleman had a relationship before he had a relationship with McCollough. He believes that the plain language of the Rule and policy considerations support this result. Coleman is incorrect.

■ In Alaska, a parent's duty of support begins on the day of the child's birth.[9] Even though the issue of support in this case is being litigated many years after the children's births, Coleman's duties of support arose on the day each child was born. In *Skinner v. Hagberg,* for example, we explained:

> The trial court acknowledged "the general law" that a parent's duty of support arises on the date the child is born, but stated that the Commentary to Alaska Civil Rule 90.3 directed it to consider "all relevant factors," including whether Hagberg knew he had a child support obligation, in determining when Hagberg's duty of support began. The trial court found that Hagberg did not know "in any meaningful sense" that he had a child support obligation until he received the paternity test results dated June 1, 2004, and chose that date for the inception of Hagberg's support obligation. Settled law does not allow this approach. . . . [A] biological parent's duty of support begins on the child's date of birth and not when paternity is adjudicated.

> . . .

2. Rule 90.3(a)(1)(D) reads: "Adjusted annual income as used in this rule means the parent's total income from all sources *minus . . . child support for children from prior relationships living with the parent,* calculated by using the formula provided by this rule. . . .*" (Emphasis added.)

3. *Kestner v. Clark,* 182 P.3d 1117, 1121 (Alaska 2008).

4. *Joseph v. State,* 26 P.3d 459, 463 (Alaska 2001).

5. *Ford v. Municipality of Anchorage,* 813 P.2d 654, 655 (Alaska 1991).

6. *Thoeni v. Consumer Elec. Servs.,* 151 P.3d 1249, 1258 (Alaska 2007) (internal citations and quotation marks omitted).

7. His child with Bianchi, and his younger child.

8. His child with McCullough, and his older child.

9. *See Matthews v. Matthews,* 739 P.2d 1298, 1299 (Alaska 1987).

[O]ur case law is clear: the duty of parental support begins on the date of the child's birth. Neither Civil Rule 90.3 nor the Commentary grants a trial court discretion to adjust the effective date of a parental child support obligation. Civil Rule 90.3(c)(1) permits the trial court discretion to "vary the child support award as calculated" under Rule 90.3 in "unusual circumstances" when manifest injustice would result if the award were not varied. Read together with Civil Rule 90.3(c)(1), the Commentary relied on by the trial court refers only to limited circumstances in which the trial court may consider all relevant factors in deciding whether it is appropriate to deviate from the Civil Rule 90.3 calculation of the amount of retroactive support due from the date of birth.[10]

Coleman's duty of support to T.C. arose on the day of T.C.'s birth. Coleman's duty of support to J.C. arose two months later. These are the relevant dates for calculating child support and for applying Rule 90.3(a)(1)(D)'s provision regarding support for children from prior relationships. The date of the inception of the prior relationship is immaterial. Coleman is therefore not entitled to a deduction for J.C.

The Commentary to Rule 90.3(a)(1)(D) supports this conclusion. Commentary VI. B.2, which is directly on point, reads:

> Subsequent Children. A parent with a support obligation may have other children living with him or her who were born or adopted after the support obligation arose. The existence of such "subsequent" children, even if the obligor has a legal obligation to support these children, will not generally constitute good cause to vary the guidelines. However, the circumstances of a particular case involving subsequent children might constitute unusual circumstances justifying variation of support. The court should reduce child support if the failure to do so would cause substantial hardship to the "subsequent" children.[11]

Read in conjunction with *Hagberg*,[12] this Commentary emphasizes that at T.C.'s birth, Coleman had no other support obligations, but at J.C.'s birth, Coleman had a preexisting support obligation to T.C. J.C. is a child who was "living with [Coleman] who [was] born ... after the support obligation arose." [13]

## IV. CONCLUSION

The judgment of the superior court is AFFIRMED.

---

10. 183 P.3d 486, 489–90 (Alaska 2008) (emphasis omitted).

11. Alaska R. Civ. P. 90.3 cmt. VI(B)(2).

12. 183 P.3d at 489, 490.

13. Alaska R. Civ. P. 90.3 cmt. VI(B)(2).