NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| MICHAELA ROBINSON, | ) |
| | ) Supreme Court No. S-16692 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-13-06795 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| GEICO GENERAL INSURANCE | ) AND JUDGMENT* |
| COMPANY, | ) |
| | ) No. 1698 – October 10, 2018 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Michaela Robinson, pro se, Anchorage, Appellant. Colin A. Strickland, Law Office of John R. Dean, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.     INTRODUCTION

Michaela Robinson filed an uninsured motorist claim with her insurance company after she was involved in an accident; the insurance company refused to pay the claim. Robinson sued her insurance company for breach of contract. Before the close of trial the parties negotiated a settlement. They settled on record and signed a stipulation for dismissal with prejudice. Robinson then failed to comply with the

---

\*     Entered under Alaska Appellate Rule 214.

settlement.  The insurance company moved to enforce the settlement and for the costs of enforcing it.  The court granted both motions.

Robinson appeals, representing herself.  Because we find no error on appeal we affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

Michaela Robinson was involved in a motor vehicle accident in July 2011. The vehicle she was driving hit the back of a pickup truck stopped at an intersection.[1] The truck was pushed forward and hit a motorcycle.  Police responded, investigated the accident, and cited Robinson for following too closely.[2]

After the accident Robinson filed a claim with GEICO General Insurance Company under her uninsured motorist policy.  Robinson claimed she was rear-ended by a vehicle that pushed hers into the truck in front of her and then fled the scene.  Five days after the accident a GEICO adjuster photographed the car while investigating the claim.  His photographs showed damage to the right rear bumper of Robinson's vehicle, which Robinson said had been caused by the vehicle that had left the scene.  GEICO refused to pay the claim, contending that there had been no other vehicle, that Robinson had caused the accident, and that the rear of her car had been damaged after the accident.

### B.    Proceedings

Robinson retained an attorney and in April 2013 filed suit against GEICO in district court alleging breach of contract.  The attorney withdrew in August 2014, and Robinson represented herself until March 2016 when she hired a different attorney.  In

---

[1]    There were two passengers in Robinson's car:  her daughter and mother. There was also a passenger in the truck.

[2]    She was later found not guilty under this citation in a traffic trial.

June 2016 the district court granted her second attorney's motion to withdraw and allowed the case to be removed to superior court because the asserted amount in controversy exceeded the district court's jurisdiction.

In September the superior court set trial for December 2016. In November Robinson filed a motion to reschedule the trial because she had surgery scheduled in December and expected to be unable to participate because she would be under medical supervision and on medication. GEICO opposed the motion, noting that Robinson had notice of the trial for months and that it would incur expert witness fees regardless of whether the expert was called to testify. The court denied Robinson's motion. On November 30 a third attorney entered an appearance on Robinson's behalf.

A bench trial convened in December. After the close of evidence the court provided the parties an opportunity to negotiate a settlement. The parties returned later that day with a settlement in which they stipulated to dismissal with prejudice: GEICO agreed not to seek costs or attorney's fees, and Robinson agreed to sign a release of all claims against GEICO. The court questioned both GEICO's representative and Robinson under oath regarding the terms of the settlement and their agreement to it. The court questioned Robinson extensively and offered her additional time to think over the agreement. After Robinson stated that she was under the influence of Percocet,[3] the court asked if the medication impaired her ability to think clearly. She replied that although the Percocet made her tired and a "little bit more at ease," it did not impair her ability to think clearly. She then agreed to the settlement.

The court entered an order accepting the stipulation and granting the dismissal with prejudice on December 28. Robinson's attorney signed the stipulation on

---

[3] Percocet is "a drug containing oxycodone and acetaminophen." *Percocet*, THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (5th ed. 2016).

her behalf. Robinson later did not sign the required release despite GEICO's numerous attempts through her attorney to get Robinson to do so. On January 10, 2017, Robinson on her own filed a motion "disput[ing the] closing of the case" and stating that she wanted to appeal. She claimed her attorney had not adequately represented her. On January 11 her attorney moved to withdraw.

Later in January 2017 GEICO moved to enforce the settlement agreement. On February 11 the superior court granted GEICO's motion and ordered Robinson to sign the release of all claims. The court awarded attorney's fees and costs to GEICO for the enforcement proceeding but gave Robinson additional time to sign the release before entering the final judgment. Robinson did not sign. On February 28 GEICO moved for entry of final judgment because Robinson had refused to sign the release. On March 30 the court entered a final judgment. The court also entered a writ of execution for its award of costs to GEICO.

Robinson appeals.

## III. STANDARD OF REVIEW

"The approval of a settlement stipulation is within the discretion of the court. Thus, the standard of review is the clear abuse of discretion standard."[4] "We interpret settlement agreements as contracts. If we agree, on de novo review, that a valid settlement agreement exists, the superior court has no discretion to decline to enforce that agreement. We review such a decision de novo."[5]

## IV. DISCUSSION

Robinson is representing herself on appeal; we therefore do not hold her to

---

[4] *Barber v. Barber*, 837 P.2d 714, 716 n.2 (Alaska 1992).

[5] *Chilkoot Lumber Co. v. Rainbow Glacier Seafoods, Inc.*, 252 P.3d 1011, 1014-15 (Alaska 2011) (footnotes omitted).

the stringent standards to which attorneys are held.[6] But her brief fails to meet even the lesser requirements: she has not cited any legal authority or provided any legal theory for her arguments. Her arguments are therefore abandoned.[7] Even if she had properly supported her arguments they lack merit.

Her brief appears to argue that her attorney was ineffective, that the trial court judge was biased against her, and that her acceptance of the settlement was not voluntary because she was under the influence of medication.[8] Those arguments are without merit. Because we find no basis to disturb the superior court's decisions, we affirm its acceptance and enforcement of the parties' stipulation and its award of enforcement expenses.

## A. Robinson May Not Claim Ineffective Assistance Of Counsel In This Matter.

Robinson appears to argue that her counsel was ineffective during the trial. A claim for ineffective assistance of counsel requires that the party have a constitutional right to counsel.[9] Robinson did not have such a right to counsel in this civil proceeding; this case did not implicate any due process rights that would have required appointment

---

[6]    *See Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[7]    "[E]ven when a pro se litigant is involved, an argument is considered waived when the party 'cites no authority and fails to provide a legal theory' for his or her argument." *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004).

[8]    Robinson also makes reference to testimony and evidence from the related traffic trial, but has not explained why it was error for the court not to consider information from that trial. We therefore do not address this argument.

[9]    *See Dennis O. v. Stephanie O.*, 393 P.3d 401, 408-10 (Alaska 2017)*; V.F. v. State*, 666 P.2d 42, 45 (Alaska 1983); *Flores v. Flores*, 598 P.2d 893, 895 (Alaska 1979).

of counsel.[10]  If Robinson believed that her attorney failed to provide her with adequate legal services or violated professional obligations, the appropriate remedy would have been to bring a malpractice claim.

### B.     There Is No Evidence Of Judicial Bias.

Robinson's brief states that "[she] did not have the attention of the Judge he did not look at [her] or [her] witnesses but when the other side started their part of the case he made sure to have eye contact with them" and that her attorney told her that "the judge is for them anyway."  Neither claim is supported by evidence or citations to the record.  We interpret her statements as an allegation the judge was biased against her.

"A judge must recuse himself or herself if there is bias."[11]  We have explained that "[f]acial expression and body language. . . can give . . . an appearance of judicial bias."[12]  We have therefore counseled judges to be vigilant to ensure that their behavior does not create such an appearance.  But appellants must point to evidence to support their allegation of the appearance of bias.[13]

Adverse rulings alone are not enough to show bias.[14]  Robinson has not pointed us to anything in the record that suggests the judge comported himself inappropriately.  Nor has she identified any evidence or support for her claims that the judge appeared biased against her.  Our review of the record has revealed no indication of judicial bias.  Robinson's claim of judicial bias does not have merit.

---

[10]      *See, e.g.*, *Flores*, 598 P.2d at 895.

[11]      *Greenway v. Heathcott*, 294 P.3d 1056, 1063 (Alaska 2013).

[12]      *Id.* at 1064 (quoting Alaska Code of Jud. Conduct, Cannon 3(B)(5) cmt.).

[13]      *See id.* at 1064-67.

[14]      *See Peterson v. Swarthout*, 214 P.3d 332, 339 (Alaska 2009); *DeNardo v. Maassen*, 200 P.3d 305, 311 (Alaska 2009).

**C.    The Superior Court Did Not Err In Accepting The Settlement.**

Robinson appears to argue that it was error for the court to accept the settlement because she was under the influence of medication when she agreed to it. We interpret this to be an argument that she did not voluntarily enter the settlement or understand its effect.

In Alaska "a party's incapacity during formation of a contract may result in a voidable — not void — obligation."[15] One form of incapacity is not being mentally competent.[16] Our "general test [of mental competency] is whether a person could know or understand his legal rights sufficiently well to manage his personal affairs."[17]

The superior court placed Robinson under oath and questioned her regarding her mental state. The judge specifically asked whether she was voluntarily agreeing to the settlement and questioned her about her understanding of the settlement and its terms. The judge offered her additional time to consider the settlement when she was not under the influence of Percocet. Robinson declined the offer of more time to think about what she was doing and affirmed that she was able to think clearly even

---

[15]    *Erkins v. Alaska Tr., LLC*, 355 P.3d 516, 519-20 (Alaska 2015).

[16]    According to the Restatement "[a] natural person who manifests assent to a transaction has full legal capacity to incur contractual duties thereby unless he is . . . mentally ill or defective, or . . . intoxicated." RESTATEMENT (SECOND) OF CONTRACTS § 12 (AM. LAW INST. 1981). The Restatement specifies that "[a] person incurs only voidable contractual duties by entering into a transaction if the other party has reason to know that by reason of intoxication . . . he is unable to understand in a reasonable manner the nature and consequences of the transaction." *Id.* § 16. "The standard of competency in intoxication cases is the same as that in cases of mental illness." *Id.* § 16 cmt. b.

[17]    *Timothy G. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 372 P.3d 235, 239 (Alaska 2016) (alteration in original) (quoting *Adkins v. Nabors Alaska Drilling, Inc.*, 609 P.2d 15, 23 (Alaska 1980)).

though she had taken medication. She told the court that she understood the settlement, that she was agreeing to it voluntarily, and that she had consulted with her attorney. The record contains no indication that Robinson did not "know or understand [her] legal rights sufficiently well to manage [her] personal affairs"[18] or that the Percocet affected her to the point of being "unable to understand in a reasonable manner the nature and consequences of the transaction."[19] Robinson has not shown that the settlement agreement should be voided because she lacked capacity to enter into a contract. The superior court did not err in accepting the parties' settlement agreement.

## V. CONCLUSION

The superior court's acceptance of the parties' stipulation of dismissal, enforcement of the settlement, and award of costs for enforcement are AFFIRMED.

---

[18] *Id.*

[19] RESTATEMENT (SECOND) OF CONTRACTS § 16 (AM. LAW INST. 1981).