David K. HENDREN, Appellant,

v.

STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellee.

No. S–7856.

Supreme Court of Alaska.

April 10, 1998.

Michael A. MacDonald, Downes, MacDonald & Levengood, P.C., Fairbanks, for Appellant.

Scott Davis, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

FABE, Justice.

## I. INTRODUCTION

This appeal involves an action for reimbursement of child support brought pursuant to AS 25.27.120(a) by the Child Support Enforcement Division (CSED) against David Hendren. David argues that the trial court erred in granting CSED's motion for reimbursement because, under the terms of the child support order, he is not liable as a matter of law for public assistance to his daughter. We agree.

## II. FACTS AND PROCEEDINGS

David Hendren and Vallrie Hendren married in July 1983 and had two children, Renee, born in July 1983, and Jennifer, born in August 1984.[1] In January 1991 the superior court granted the Hendrens' petition for dissolution of marriage and entered a child custody and support order. The order awarded David legal and physical custody of the children and provided that Vallrie was to pay $50 a month in child support. The trial court had not modified this order as of the date of this appeal.

In January 1994 David, who lives in Fairbanks, sent Renee to live with her Aunt Elsie in Tanacross. In May 1994 he agreed to allow Renee to live with Vallrie, who also resides in Tanacross. David claims that beginning in January 1994 he gave, first to Aunt Elsie and later to Vallrie, $300 a month along with food and clothing for Renee's support. According to David, Renee left Vallrie's home in January 1996. Renee apparently returned to her Aunt Elsie and has lived with her until the present.

Vallrie received Aid to Families with Dependent Children (AFDC) grant payments for Renee from May 1994, the month Renee moved in with her, until March 1996. According to CSED, these payments totaled $9,735. David denies knowledge of these payments, alleging that Vallrie assured him that she was not receiving public assistance for Renee and that CSED gave him no notice of the payments until October 1995.

In May 1996, three months after Vallrie had ceased to receive AFDC payments for Renee, CSED moved for reimbursement from David of the AFDC grants. David opposed the motion.

Judge Richard D. Savell granted CSED's motion for reimbursement of past public assistance and entered judgment for $9,735 against David in August 1996. After the court denied David's motion for reconsideration, he filed this appeal.

## III. DISCUSSION

### A. Standard of Review

▮ We review de novo the question of whether the trial court properly entered judgment against David pursuant to AS 25.27.120(a) because this question raises issues of statutory interpretation. See Boone v. Gipson, 920 P.2d 746, 748 (Alaska 1996). In interpreting a statute, we will adopt the rule of law which is most persuasive in light of precedent, reason and policy. Id.

### B. Is David as the Custodial Parent under the Current Support Order Liable to CSED for Past Child Support?

▮ Under the court's child custody and support order, David is the legal custodian of his daughter Renee, and Vallrie is obligated to pay David $50 per month in child support. The issue before us is whether David can be held liable to CSED for AFDC payments made to Vallrie for Renee from May 1994 through March 1996, the months in which CSED claims Renee lived with her mother.

CSED's right to obtain reimbursement from a parent for public assistance paid to support the parent's child stems from AS 25.27.120(a), which provides in relevant part:

An obligor is liable to the state in the amount of assistance granted under AS 47.07 and AS 47.25.310–47.25.420 to a child to whom the obligor owes a duty of support except that, if a support order has been entered, the liability of the obligor for assistance granted under AS 47.25.310–47.25.420 may not exceed the amount of support provided for in the support order. . . .

Under the plain language of the statute, only the obligor is liable to the state for the amount of assistance granted. The 1991 child custody and support order, however, explicitly provides that Vallrie, not David, is the obligor. The order states "[t]he Obligor, Vallrie Hendren, shall pay child support in the amount of $50.00 for two children per month."

CSED argues that David should reimburse the state for AFDC payments made to Vallrie for Renee even though he is not the obligor under the support order issued by the trial court. CSED points to AS

---

1. Jennifer died in 1992.

25.27.900(6), which defines an obligor as "a person owing a duty of support." According to CSED's interpretation of this provision, the duty of support need not arise from a child support order but can arise from common law. CSED cites *Matthews v. Matthews,* 739 P.2d 1298 (Alaska 1987) as establishing a parent's common law duty to support his or her children. Because of this common law duty, CSED claims that David satisfies the definition of obligor. It therefore reasons that it can obtain reimbursement from David under AS 25.27.120(a).

▉ We reject for three reasons CSED's argument that AS 25.27.120(a) requires parents to reimburse the state based on their common law duty of support. First, the language of AS 25.27.120(a) does not support CSED's interpretation. Second, CSED's interpretation of AS 25.27.120(a) would render it inconsistent with other statutory provisions governing the power of CSED. Third, CSED's interpretation of the reimbursement provision is inconsistent with Alaska Civil Rule 90.3(h)(2).

Generally, the most reliable guide to the meaning of a statute is its words construed in accordance with their common usage. *See Homer Elec. Ass'n v. Towsley,* 841 P.2d 1042, 1043–44 (Alaska 1992). Because AS 25.27.120(a) limits the obligor's liability to the amount of support required by the support order, the language of the provision identifies the obligor as the parent who has been ordered to pay child support by a court. *See* AS 25.27.120(a) (stating "An obligor is liable to the state in the amount of assistance granted ... except that ... the liability of the obligor ... may not exceed the amount of support provided for in the support order....."). In this case, Vallrie, not David, was ordered to pay child support of $50 per month under the order entered in January 1991. This order remains unmodified. As a result, it is Vallrie, not David, who is the obligor within the plain meaning of AS 25.27.120(a).

▉ We also reject CSED's interpretation of AS 25.27.120(a) because it creates inconsistency in the statutory scheme governing the power of CSED. "It is an established principle of statutory construction that all sections of an act are to be construed together so that all have meaning and no section conflicts with another." *Matter of Estate of Hutchinson,* 577 P.2d 1074, 1075 (Alaska 1978). CSED's interpretation does not comply with this principle because it would permit retroactive modifications of prior support orders in violation of the bar on such modifications implicit in our statutory system.

CSED correctly states in its brief that the trial court's order requiring David to reimburse the state "in essence constitutes a child support award." Because the January 1991 order has never been modified, requiring David to reimburse CSED for past assistance constitutes a retroactive modification of the original order.

▉ Although CSED can seek the modification of existing support orders under AS 25.27.045, the statutory scheme permits retroactive modification only in limited circumstances. Retroactive modification is explicitly permitted by the statute when paternity is disestablished and the modification can be implemented without violating federal law, *see* AS 25.27.166(d), or on the motion of the obligor when there is a clerical mistake or the support order is based on a default amount. *See* AS 25.27.195. The implication of these sections is that, except in these defined circumstances, courts may not retroactively modify support orders. CSED's interpretation of AS 25.27.120(a) is therefore incorrect because it would permit such modifications, like the reimbursement award in this case, in circumstances in which retroactive modification is not permitted.

Finally, CSED's interpretation of the reimbursement provision would allow the state to obtain retroactive modifications of support orders even in situations when a child's parent could not obtain a modification under Civil Rule 90.3(h)(2). This result is inconsistent with the principle of statutory interpretation that requires two statutes dealing with the same subject matter to be construed "as harmoniously as possible." *Borg–Warner Corp. v. Avco Corp.,* 850 P.2d 628, 633–34 (Alaska 1993).

Civil Rule 90.3(h)(2) governs parties' rights to obtain modifications of child custody and

support orders; therefore, it deals with the same subject matter as the statutory scheme governing CSED. The Rule provides that "[c]hild support arrearage may not be modified retroactively, except as allowed by [statute]." Under the Rule, if Vallrie were to now seek a modification of the January 1991 order, she would be unable to obtain child support funds from David retroactively for the months when she had physical custody of Renee. Adhering to the principle that we must be consistent in construing statutes on similar subjects, we conclude that CSED should not be able to obtain these funds from David under AS 25.27.120(a).

## IV. CONCLUSION

We conclude that the trial court misinterpreted AS 25.27.120(a) when it allowed CSED to obtain reimbursement from David for AFDC funds paid to Vallrie. The term "obligor" in AS 25.27.120(a) refers to the parent who is required to pay child support under a court order. Vallrie, not David, is the obligor under the support order entered by the trial court in January 1991, which remains unmodified. As a result, David is not liable to the state for public assistance paid to Vallrie for Renee. The decision of the trial court is therefore REVERSED.[2]

2. David raised other issues in his appeal regarding the size of the reimbursement award. Because we agree with David's preliminary argument that he is not liable, as a matter of law, to CSED under AS 25.27.120(a), we do not reach these other issues.