NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DENIS BURKE, | ) |
| | ) Supreme Court No. S-17436 |
| Appellant, | ) |
| | ) Superior Court No. 1KE-03-00239 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| KAREN BURKE, n/k/a KAREN | ) AND JUDGMENT* |
| KENNEDY; and STATE OF | ) |
| ALASKA, DEPARTMENT OF | ) No. 1780 – July 22, 2020 |
| REVENUE, CHILD SUPPORT | ) |
| SERVICES DIVISION, | ) |
| | ) |
| Appellees. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Ketchikan, Trevor Stephens, Judge.

Appearances: David W. Rosendin, Ketchikan, for Appellant. Notice of nonparticipation filed by Blake M. Chupka, Ketchikan, for Appellee Karen Burke. Notice of nonparticipation filed by Nelleene A. Boothby, Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee State of Alaska.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices.

In 2018 a father moved to modify his child support obligation to effectively extinguish his arrearage under a support order in effect prior to May 2015. The superior

---

\*      Entered under Alaska Appellate Rule 214.

court denied the motion. The father appeals, raising the same legal arguments he raised in superior court. Reviewing the father's legal arguments de novo, we AFFIRM the superior court's decision, attaching it as an appendix for its clear explanation why the modification motion correctly was denied.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT KETCHIKAN

KAREN KENNEDY (f/k/a BURKE), )
                                )
          Plaintiff,         )
                                )
          v.                )
                                )
DENIS BURKE, )
                                )
          Defendant.    )     Case No. 1KE-03-00239 CI
_____)

**MEMORANDUM AND ORDER**[*]

Mr. Burke filed a Motion on September 10, 2018 in which he seeks to vacate the December 29, 2004 Child Support order herein or modify the effective date of the May 27, 2015 Order Modifying Child Support to December 29, 2004.[1] The Child Support Services Division (CSSD) opposes the Motion. Mr. Burke requests an evidentiary hearing during which he can submit evidence concerning his income between December 29, 2004 and May 27, 2015.

The court is denying Mr. Burke's Motion, without scheduling an evidentiary hearing, for [the following] reasons.

First, Mr. Burke is seeking to retroactively modify his child support arrears that accrued under the December 9, 2004 Child Support Order. The 2004 Child Support

---

[*] This decision has been edited to conform to the Alaska Supreme Court's technical rules.

[1] Mr. Burke also requested an award of related accountant fees and a refund of his claimed child support overpayments. He withdrew those requests in his Reply and so the court is not addressing the same herein.

Order was superseded by the May 27, 2015 Order Modifying Child Support. The only thing CSSD is collecting with respect to the 2004 Order is child support arrears. He is no longer seeking reimbursement of any alleged overpayments of child support under that Order. So the only effect of granting his request and vacating the Order, or modifying the effective date of the 2015 Order to December 29, 2004 would be to eliminate the arrears.

Second, Alaska Civil Rule 90.3(h)(2) prohibits the retroactive modification of child support arrears except as permitted by AS 25.27.166(d).[2] Alaska Statute 25.27.166(d) addresses disestablishment of paternity. Mr. Burke has not sought to disestablish his paternity of the children at issue. So AS 25.27.166(d) does not apply, and Rule 90.3(h)(2) prohibits the relief he seeks.

Third, Mr. Burke cites AS 25.27.195(b), *Teseniar v. Spicer*,[3] and *Hendren v. State, Department of Revenue, Child Support Enforcement Division*[4] in support of his position that the court can retroactively modify the May 27, 2015 Order Modifying Child Support to December 29, 2004 or simply vacate the December 29, 2004 Child Support Order, thereby eliminating the child support arrears that accrued under the December 29, 2004 Child Support Order.

Those authorities do not support Mr. Burke's position. Alaska Statute 25.27.195(b) allows CSSD to vacate an administrative order that was based on a default income amount rather than the obligor's actual income. [T]he December 29, 2004 Child Support Order was issued by the court on a default basis because Mr. Burke

---

[2]     *See also* 42 U.S.C. § 666(a)(9) (2018); *Swaney v. Granger*, 297 P.3d 132, 136 (Alaska 2013).

[3]     74 P.3d 910, 915 (Alaska 2003).

[4]     957 P.2d 1350, 1352 (Alaska 1998).

apparently chose not to participate in the proceeding, but it is not an administrative order, so AS 25.27.195(b) does not apply. Also, AS 25.27.195(b) does not authorize or otherwise address the retroactive modification of child support arrears. And neither the *Teseniar* nor the *Hendren* decision holds that a court may retroactively modify child support arrears, even when the court may have the authority to vacate a prior default child support order.

Fourth, Mr. Burke did not request reconsideration of or appeal the December 29, 2004 Child Support Order. And he did not file a motion for relief from judgment under Alaska Civil Rule 60(b). He did file a motion to modify the December 29, 2004 Child Support Order, in April 2015. He did not then request an effective date of December 29, 2004. The court granted his motion, and issued the May 27, 2015 Order Modifying Child Support, with an effective date of May 1, 2015, the first day of the first month after he filed and served his motion . . . .[5] He did not request reconsideration of or appeal the effective date. Nor did he file a related motion for relief from judgment under Rule 60(b). To the extent a court could retroactively modify child support arrears as Mr. Burke requests it appears that he has waived the right to pursue such a request, or the request is otherwise untimely.[6]

Fifth, there is no need for an evidentiary hearing given the above.

---

[5] *See Swaney*, 297 P.3d at 137.

[6] It appears to the court that an obligor parent cannot acquiesce to the entry of a child support order that he thinks is inaccurate by declining to participate in the proceeding, do nothing to ask the court to correct it for 11 years, then when he does file a motion to modify he does not seek an order correcting the original order, and then wait more than 3 more years, so now some 14 years after the order was entered, to file a motion to vacate the order or change the effective date of the subsequent order issued over 3 years earlier.

IT IS SO ORDERED.

Dated at Ketchikan, Alaska this 19th day of February, 2019.

_____/s/_____

Trevor Stephens
Superior Court Judge
