736 P.2d 353 (1987)
In the Matter of S.C.Y., A Minor.
No. S-1509.
Supreme Court of Alaska.
May 8, 1987.
Terri Ann Pollock, Kay, Saville, Coffey, Hopwood & Schmid, Anchorage, for appellants, the parents of S.C.Y.
Teresa Williams, Asst. Atty. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for appellee, the Dept. of Health and Social Services.
Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

*354 OPINION
MATTHEWS, Justice.
S.C.Y. was adjudicated a delinquent and committed to the custody of the Department of Health and Social Services. His parents were ordered to pay support in the amount of $325 per month while he was in custody. They appeal the order to the extent that it requires support payments for the seven-month period that S.C.Y. remained in custody following his eighteenth birthday.
The juvenile court has jurisdiction over proceedings relating to delinquent minors under eighteen years of age. AS 47.10.010(a)(1). The court's jurisdiction depends on the age of the minor at the time of the offense. Henson v. State, 576 P.2d 1352, 1353 (Alaska 1978); P.H. v. State, 504 P.2d 837, 841-42 (Alaska 1972). Once juvenile court jurisdiction is established, the court retains jurisdiction for a maximum of two years or until the minor becomes nineteen. AS 47.10.100.[1] If the delinquent minor is placed in custody, the court may order the minor's parents to pay support. AS 47.10.120(a).[2]
The statutory age of majority is eighteen years. AS 25.20.010. Parents generally have a duty to support their children only until they are emancipated or reach the age of majority. See Malekos v. Yin, 655 P.2d 728, 730 (Alaska 1982). For example, we have ruled that a divorced parent may not be compelled to pay child support for post-majority educational expenses. H.P.A. v. S.C.A., 704 P.2d 205, 209-10 (Alaska 1985); Dowling v. Dowling, 679 P.2d 480, 483 (Alaska 1984). The question in this case is whether there is a statutory exception which requires parents to pay support for institutionalized delinquent children who have passed their eighteenth birthdays.
In our view, the superior court correctly held that S.C.Y.'s parents were liable for post-majority support. AS 47.10.120(a) imposes a duty of support on the parents of an institutionalized "delinquent minor." Under AS 47.10.080(b)(2), (b)(3), (c)(1), and (c)(2) and under AS 47.10.100(a) and (c) an institutionalized delinquent is referred to as a "minor" until the delinquent becomes nineteen. This usage persuades us that the legislature meant to include within the meaning of "delinquent minor" any child held in custody under Chapter 10 of Title 47 who is under nineteen years of age.
This interpretation conflicts with the statutory definition of a "minor" as "person under 18 years of age." AS 47.10.290(7). However, the use of the term "minor" in the statutes noted above reflect the same conflict. The general definition reflected in subsection 290(7) is obviously inapplicable to the detention of a delinquent "minor" until the minor's nineteenth birthday under sections 80 and 100. Likewise, in our view, it is inapplicable to the responsibility to pay support for a delinquent minor committed under those sections.
AFFIRMED.
NOTES
[1] AS 47.10.100 provides in part:

(a) The court retains jurisdiction over the case ... for a period of time not to exceed two years or in any event extend past the day the minor becomes 19... .
... .
(c) If a minor is adjudicated a delinquent ... before the minor's 18th birthday, the court may retain jurisdiction over the minor after the minor's 18th birthday for the purpose of supervising the minor's rehabilitation, but the court's jurisdiction over the minor under this chapter never extends beyond the minor's 19th birthday... . The department may retain jurisdiction over a child between the child's 18th and 19th birthdays for the purpose of supervising the child's rehabilitation, if the child has been placed under the supervision of the department before the child's 18th birthday... .
[2] AS 47.10.120(a) provides in part:

When a delinquent minor is committed under this chapter, the court shall order that the parent of the minor pay in a manner which the court directs a sum which will cover in full or in part the support of the delinquent minor.