NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JENNIFER M. HAGEL, | ) | |
| | ) | Supreme Court No. S-19028 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-22-02059 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| BROOK S. HAGEL, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2089 – May 7, 2025 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Jennifer M. Hagel, pro se, Wasilla, Appellant. No appearance by Appellee Brook S. Hagel.

Before: Carney, Borghesan, Henderson, and Pate, Justices. [Maassen, Chief Justice, not participating.]

1.     Jennifer and Brook Hagel divorced after 20 years of marriage. They share two children. At the time of their divorce their daughter was 18 but still in high school, and their son was almost 15.

2.     The parties agreed to joint legal and shared physical custody of their son and that their daughter would live with Jennifer. They also agreed Jennifer would keep the marital home, but they were not able to reach an agreement about their

---

\*     Entered under Alaska Appellate Rule 214.

remaining marital property. Jennifer sought a 60/40 division of the marital estate, while Brook asked the court to divide it 50/50.

3. The superior court held a one-day trial to decide the property issues in February 2024. Jennifer and Brook were each represented by counsel.

4. Jennifer and Brook filed separate spreadsheets listing the property each believed was marital and a proposed value for each item. After explaining on the record the need to use a common spreadsheet during trial, the court chose to use Brook's spreadsheet because it was easier to read. And the court included Jennifer's different values for items by handwriting them into the spreadsheet.

5. Jennifer and Brook each testified about their work and income histories. They also testified about how they valued disputed items, and both acknowledged that their spreadsheets might contain at least one "typo" or "potentially" inaccurate values for certain items. In her closing argument, Jennifer acknowledged that because she retained the marital home she would owe Brook an equalization payment after the court divided their marital property.

6. The superior court divided the marital estate 50/50. It found that Jennifer and Brook were "on equal footing regarding their ability to earn income." It specifically considered the factors in AS 25.24.160(a)(4), the statute that outlines factors the court must consider when it divides a marital estate.

7. Jennifer, no longer represented by an attorney, appeals from the superior court's decision. She makes four arguments. She asserts that the court did not consider the "hybrid" nature of the custody arrangement for their two children when it divided the marital estate 50/50. She claims that it was error for the court to use Brook's spreadsheet instead of hers. She argues that the court did not correctly describe their abilities to earn overtime pay. And she seems to allege that bank accounts awarded to her were still being used by Brook after they separated.

8.	Jennifer did not refer to any cases or any laws in her brief. "[W]e consider pro se pleadings liberally in an effort to determine what legal claims have been raised."[1] "But even self-represented litigants must provide more than a cursory statement to be considered on appeal."[2] Jennifer has not done that. All of her arguments are therefore waived.[3]

9.	Even if the arguments were not waived, the first three of them are mistaken.[4] The superior court properly did not consider the fact that Jennifer's and Brook's adult daughter chose to live with Jennifer when it divided the marital estate.[5] The court amended Brook's spreadsheet on the record during trial to include Jennifer's different values, so the court did consider the information from her spreadsheet. And the testimony at trial supports the court's description of their earning potentials.

10.	The superior court's decision is AFFIRMED.

---

[1]	*Mitchell v. Mitchell*, 370 P.3d 1070, 1083 (Alaska 2016) (quoting *Briggs v. City of Palmer*, 333 P.3d 746, 747 (Alaska 2014)).

[2]	*Antenor v. Dep't of Corrections*, 462 P.3d 1, 14 (Alaska 2020) (citing *Petersen v. Mutual Life Ins. Co. of New York*, 803 P.2d 406, 410 (Alaska 1990)).

[3]	*Petersen*, 803 P.2d at 410 ("Where a point is not given more than a cursory statement in the argument portion of a brief, the point will not be considered on appeal.").

[4]	Jennifer's fourth argument about the bank accounts is unclear from her briefing and was not raised before the superior court, so we do not consider it.

[5]	Parents generally have a duty to support their children only until they reach the age of majority. *Matter of S.C.Y.*, 736 P.2d 353, 354 (Alaska 1987); *see* AS 25.24.160(a)(4)(C); *see also* AS 25.20.010 (setting age of majority at 18).